UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                )
LISA DiROCCO,                   )
                                )
        Plaintiff               )
                                )
    v.                          )   CA. No. 09-094 S
                                )
MICHAEL J. ASTRUE, Commissioner of )
the Social Security Administration,)
                                )
        Defendant.              )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff here seeks reversal of a decision by the Commissioner of Social Security (the "Commissioner") denying her request for disability benefits. Magistrate Judge Almond has issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be granted, and that the case be remanded for rehearing. The Commissioner objects, but the Court overrules the objection and accepts the R&R in full, for the reasons stated therein and those discussed below.

In considering an objection to an R&R, the Court conducts "a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2009); <u>see</u> Fed. R.

Civ. P. 72(b)(3); <u>Jasty v. Wright Med. Tech., Inc.</u>, 528 F.3d 28, 33 (1st Cir. 2008).

The R&R concludes this case should be remanded to the Administrative Law Judge ("ALJ") who denied Plaintiff's application for benefits on behalf of the agency. <u>See</u> 42 U.S.C. § 405(g). The sole basis for that recommendation is that the ALJ's decision misquoted a statement from one of Plaintiff's treating physicians, Dr. David Colpak. Dr. Colpak, who is trained as a psychologist, found that Plaintiff showed "many indications of serious depression," and opined that it was unlikely she could sustain any productive activity. (Tr. 363.) The ALJ, however, gave little weight to Dr. Colpak's opinion, in light of another observation she thought he had made. Specifically, the ALJ quoted Dr. Colpak as commenting that Plaintiff's "overall emotional life was fair and could be <u>adequately</u> modulated." (Tr. 28 (emphasis added).) This, the ALJ believed, conflicted with Dr. Colpak's primary findings, and rendered his report unreliable. But what Dr. Colpak actually wrote was that Plaintiff's "access to overall emotional life is also fair and can be <u>inadequately</u> modulated." (Tr. 364 (emphasis added).)

The Commissioner contends that the mistake was incidental, and that it does not eradicate the substantial evidence in the remainder of the record supporting the ALJ's determinations. It

is true that not every misstatement damns an ALJ's decision to reversal.  See, e.g., Perez Torres v. Sec'y of Health & Human Servs., 890 F.2d 1251, 1255 (1st Cir. 1989) (finding that an ALJ's mistake as to the contents of the record did not justify reversing a denial of benefits).  Nevertheless, this particular error was not harmless under the circumstances.  Dr. Colpak was the only treating source who was a mental health specialist to submit an evaluation of Plaintiff's alleged depression.  His opinion was thus central to Plaintiff's argument that her mental condition was disabling.  And it is apparent that the ALJ rejected Dr. Colpak's views because she believed he had contradicted himself.  (See Tr. 28.)  However, if the ALJ had read the report correctly, it is reasonable to think that she would have found no inconsistency between the physician's conclusions and his other remarks, since she mistook a key word, "inadequately," for its opposite "adequately."

Beyond that point, the Court cannot hypothesize about what might have happened.  Would the ALJ have given Dr. Colpak's opinion greater weight?  Might that, in turn, have led the ALJ to accept the opinions of other doctors who found that Plaintiff was severely impaired, but that the ALJ dismissed as unsupported by the rest of the evidence?  As explained in the R&R, only the ALJ can answer; presuming that she would have arrived at the

same result would require speculation. (See R&R, Doc. No. 14, at 19.)

In sum, "it is unclear whether the misquoted [statement] was determinative" in the ALJ's decision. Poole v. Freeman United Coal Min. Co., 897 F.2d 888, 895 (7th Cir. 1990). As the analysis of similar facts in Poole makes clear, the mistake thus justifies remand for a rehearing. In that case, a doctor had assessed the plaintiff as capable of lifting 40 pounds and carrying it 300 feet, but the ALJ quoted the distance as 30 feet. Id. The court stressed that it was not in the position to unravel the consequences of that disparity:

> [T]he ALJ could have found total disability without regard to [the misquoted] limitation because there is evidence that [the plaintiff's] usual . . . employment required him to maintain a mile-long section of [equipment], and [the plaintiff] could walk only one block. Given our standard of review, however, it is inappropriate for the court to supply a rationale for the ALJ's decision or to affirm on grounds other than those relied upon by the ALJ. Because the discrepancy could have been influential given the requirements of [the plaintiff's] work, we remand for the ALJ to address specifically each of the physical limitations listed in [the doctor's] report as it relates to the exertional requirements of [the plaintiff's] employment.

Id. (internal citations omitted). The same reasoning applies here, because the inaccuracy "could have been influential" given the circumstances described above.

For these reasons, the Court agrees with the R&R that the ALJ should be granted the opportunity to review the physician's

report based on the language actually used.  Plaintiff's motion is therefore GRANTED and Defendant's motion is DENIED.  The case is remanded to the agency for further proceedings consistent with this opinion and with the R&R.

IT IS SO ORDERED.


_/s/ William E. Smith_
William E. Smith
United States District Judge
Date: April 12, 2010